THE STATE *ex rel.* SPENCER v. WHITE, *Appellant.*

**Inspection of Petroleum.** It is not an offense within the purview of section 5843, Revised Statutes 1879, to sell petroleum oil for consumption beyond the limits of the State, without first having it inspected.

*Appeal from Buchanan Circuit Court.*—HON. W. H. SHERMAN, Judge.

REVERSED.

*J. D. Johnson* and *Woodson & Crosby* for appellant.

*Dunlap & Freeman, Wm. E. Sherwood* and *F. C. Farr* for respondent.

HOUGH, J.—The defendant was convicted in the Buchanan circuit court of violating the provisions of section 5843 of the Revised Statutes regulating the inspection of petroleum    The information upon which he was tried contained three counts, and he was found guilty under the first count.    The charging part of that count is as follows : " That one George M. White, at the city of St. Joseph, in' the county of Buchanan, did sell to C. D. Smith & Co., a firm composed of Chas. D. Smith, Abram Nave, James McCord and Sam'l M. Nave, on the 15th day of August, 1881, three barrels of petroleum oil or kerosene, for consumption for illuminating purposes within this State, namely, the State of Missouri, before first having the same inspected, branded or gauged."    The portions of section 5843 material to the present inquiry, are as follows :   " If any person shall sell to any other person whatever, any of said oils or fluids for consumption for illuminating purposes within this State, before first having the same inspected as aforesaid     *       *      (he) shall be deemed guilty of a misdemeanor and upon conviction thereof punished by a fine not exceeding $300, and by imprisonment in the county jail for thirty days."    It was agreed at the trial that the defendant "did sell petroleum oil at the city of St. Joseph, Buchanan county, Missouri, as charged in the information, and to the parties therein named, for consumption for illuminating purposes in the states of Kansas and Nebraska, without having the same inspected; that all the oils thus sold were not only sold to be consumed in the states of Kansas and Nebraska, but were, under the superintendence of defendant, shipped by him in the name of the parties named in the affidavit and information, to

the states of Kansas and Nebraska, for consumption for illuminating purposes. It will be seen that the information charges the defendant with selling uninspected oil in this State for consumption for illuminating purposes within this State. The defendant admits that he sold oil for illuminating purposes without having the same inspected, but says that it was sold for consumption in the states of Kansas and Nebraska.

It is contended for the State that a sale of uninspected illuminating oil is a misdemeanor under the statute, whether it be sold for consumption within this State, or within any other state or country ; that the gist of the offense is the sale of the oil without inspection, regardless of the locality in which it is to be consumed. On the other hand it is contended by the defendant that it is only when uninspected oil is sold for consumption within this State that any offense is committed, and that on the agreed state of facts, he was, therefore, improperly convicted.

The first section of the act in question, being section 5838, Revised Statutes, provides that: "The Governor shall appoint for each of the cities of St. Louis, Hannibal, St. Joseph and Kansas City, and for such other cities and towns as shall, by the authorities thereof, petition to him therefor, an inspector of petroleum oils, kerosene, gasoline or any product of petroleum by whatever name known, which may be manufactured, offered for sale or sold for consumption for illuminating purposes within this State. Each inspector shall be a resident of the city or town for which he is appointed," etc. Section 5839 provides the manner of testing the oil, and makes it the duty of the inspector, when called upon for that purpose by any owner, manufacturer or dealer in any of the oils specified in the preceding section, to promptly inspect, gauge and brand the same, " within the city or town for which he is appointed." Section 5840 relates to brands for inspected oils. Section 5841 provides that none of the oils named, which, under the prescribed test, will ignite at any tem-

perature less than 150° Fahrenheit, " shall be offered for sale, sold or used for illuminating purposes within this State"—and makes it a misdemeanor to use any such oil. Section 5842 is unimportant.   Section 5843 is the section under which the defendant was indicted and has already been quoted.   Section 5844 is unimportant.   Section 5845 provides that:   "Any inspector having information or reason to believe, that any person, within the city or town for which he is appointed, has sold or is offering for sale, for consumption for illuminating purposes within this State, or is using for said purpose any of the oils specified, etc., shall require such person to submit said oils for his inspection."   The remaining sections are unimportant.

We deem it unnecessary to make any special statement or examination of the arguments of counsel, based upon the rules of syntax and canons of construction invoked by them respectively, as a plain, simple and natural interpretation of the language of the statute will, we think, enable us to arrive at its true intent and meaning.   In construing this law it must be borne in mind that no inspector has any authority whatever to inspect any oils outside of the city for which he is appointed.   The argument, therefore, that the words "within the State," in section 5838, qualify the words "manufactured," "offered for sale" or "sold," must necessarily fall to the ground.   The true meaning of that section is this, that an inspector shall be appointed for each of the cities named, of petroleum oils and all products thereof, manufactured in said cities, offered for sale in said cities, or sold in said cities for consumption for illuminating purposes within the State.   This construction, which is manifestly the correct one, is supported by the language of section 5845.   By that section, as has been seen, when any person has sold or offered for sale in any city or town having an inspector (which is necessarily within this State) for consumption for illuminating purposes within this State, any of the oils specified in section 5838, which have not been inspected, it is made the duty of the inspector to

Lacy v. Barrctt.

inspect them. There can be no question but that the words " within this State," in this section, qualify the word "consumption." As the language employed in section 5841, is perhaps susceptible of a double construction, that construction must be given to it which will make it harmonize with sections 5838, 5843 and 5845, which are unambiguous. The judgment of the circuit court will be reversed and the defendant discharged. All concur, except HENRY, J., who dissents.